NICHOLAS LA VECCHIA, as Receiver of Paine Statistical Corporation, and W. R. PARSLEY, *et ux.*, v. MADEIRA HOLDING COMPANY, INC.

191 So. 304

Division B

Opinion Filed October 6, 1939

*Hannoch and Lasser* (Newark, New Jersey), *Askew & Kiernan* and *E. R. Dickenson,* for Petitioners;

*Robinson & Smith,* for Respondent.

PER CURIAM.—This case is before us on writ of certiorari granted to review an order of the circuit court overruling motions to dismiss and motions to strike portions of the amended bill.

The record before us shows that on April 7, 1925, Walter Donovan, as Trustee for himself and others, executed to A. B. Archibald a mortgage for $200,000.00 on certain described property to secure payment of twenty promissory notes in the amount of $10,000.00 each, which notes provided for payment by promissor of all costs of collection, including a reasonable attorney's fee. On May 10, 1927, A. B. Archibald assigned 18/20 of said mortgage together with 18 of said promissory notes to the Madeira Holding Co., Inc. On April 3, 1937, the Madeira Holding Co. assigned said 18/20 of said mortgage together with said 18 promissory notes to J. Overton Paine and W. R. Parsley for a con-

sideration of $50,000.00, $5,000.00 being paid down ($2,500.00 being paid in cash and $2,500.00 being credited as commissions), and a vendor's lien being reserved on the mortgage for the balance of the purchase price of $45,000.00 payable within five years. The latter assignment provided that the assignees of the mortgage were to institute foreclosure proceedings within sixty days, and if they purchased the property at the foreclosure sale would execute to assignor a mortgage in the sum of $45,000.00, and in the event they did not purchase the property at the foreclosure sale, would authorize the special master to pay assignor the unpaid balance due on the contract. Time was made the essence of the contract. It was further agreed that in the event that all payments were not promptly paid when due, and all covenants and agreements were not fully performed, the assignment would be *void* and all payments made thereunder retained by the assignor as liquidated damages.

The amended bill of complaint sought to have the assignment of the mortgage from Madeira Holding Co. to J. Overton Paine and W. R. Parsley cancelled and said mortgage and notes redelivered to assignor, on the ground that assignees violated the agreement to bring foreclosure proceedings within sixty days (the foreclosure proceeding not being begun until 90 days), and failed to make interest payments when due.

Nicholas La Vecchia, as Receiver of the Paine Statistical Co., was made a party because of a purported conveyance to him by John Overton Paine of all interests owned by the latter in all lands in Florida, whether the interest be by lease, mortgage or otherwise.

Defendants filed motions to dismiss as well as motions to strike certain portions of the amended bill.

The motions to dismiss were denied; and the motions to strike were granted in part and denied in part.

The first question presented is whether it is necessary for the assignor to give the assignees notice of his intention to declare a forefeiture before instituting suit to cancel the assignment, and, if so. whether the notice given was sufficient.

The assignment, which is the contract between the parties, contains this provision:

"It is further agreed and understood that *time is the essence* of this Contract, and that in the event payments upon the unpaid balance and interest are not properly and promptly paid, and all other covenants and agreements of this Contract are not fully performed by the parties of the second part, then in that event *this assignment shall be considered void* and all payments made upon the same shall be retained by the party of the first part as liquidated damages." (Emphasis supplied.)

In the case of Norris v. Eikenberry, 103 Fla. 104, 137 So. 128, this Court held:

"In a contract for the sale of land, where part of the purchase money was paid when the contract was made, and where the contract contains a provision that *time shall be an essential feature of the contract,* but also contains a provision that the contract *may be forfeited at the option of the vendor* when the terms of payment are not observed in the time agreed on, in such a case the vendor must give reasonable notice to the vendee that he will insist on payment as provided in the contract, and, if he fails to do so before the date for payment, he must fix a future time and give reasonable notice to the vendee, in order that he may have an opportunity to comply. In this way alone can the vendor in such a contract make time an essential part of the contract." (Emphasis supplied.)

The Maderia Holding Co. sent notice to W. R. Parsley,

J. Overton Paine and Earle B. Askew, as Attorney for other interested parties, which after notifying assignees that they were in arrears because no interest or principal had been paid on or since October 3, 1937, at which time it became due, contained the following:

"And you and each of you are further notified that the Maderia Holding Company, Inc., under and by virtue of the terms of said obligation, hereby declares that a default has been made.

"And you and each of you are further notified that the Maderia Holding Company, Inc., hereby declares a forfeiture under the terms of the said obligation."

The Notice of Default and Intention to Declare a Forfeiture was dated November 9, 1937, whereas the amended bill of complaint was not filed until May 23, 1938. The instant case is much stronger than the one quoted from Norris v. Eikenberry, *supra,* because in this case the contract provided that the assignment *"shall be considered void"* on the failure of assignees to perform as agreed, whereas in the case quoted from the contract provided that it *"may be forfeited at the option of the vendor."* The notice given in this case was sufficient to satisfy the rule in Norris v. Eikenberry, *supra,* and of course it was ample in the instant case, if indeed it was necessary at all. (Emphasis supplied.)

The second question presented is whether assignor assumed inconsistent positions by intervening in the foreclosure proceedings instituted by assignees, and later by filing this amended bill to have the assignment contract declared forfeited.

In the foreclosure proceedings assignor intervened to protect its rights. The assignees had delayed instituting the suit for thirty days longer than agreed upon; and after the bill for foreclosure had been filed, prosecution of the suit was unnecessarily delayed, as is evidenced by the allegations

of the amended bill herein. For breach of this covenant as well as for failure to pay interest when due, assignor sought by this amended bill to have the contract of assignment cancelled. No inconsistency is made to appear in such actions of the assignor.

The third question presented is whether or not equity can grant cancellation of the assignment of the mortgage, in the absence of fraud, undue influence, mistake or turpiture.

This question is premature in its nature because we have before us only the amended bill of complaint and the motions to strike and to dismiss. The material allegations of the amended bill in this regard was in substance that the consideration for the assignment $50,000.00, ($2,500.00 being paid in cash and $2,500.00 being credited as commissions as the down payment); that a vendor's lien for the remaining $45,000.00 was retained on the mortgage; that to April 3, 1938, there was past due and unpaid interest amounting to $1,850.00; that the contract of assignment was to be considered void by the parties for failure of assignees to institute forclosure proceedings within sixty days as well as for failure to make payments when due and that there was a violation of these provisions. We do not undertake now to determine whether equity will decree cancellation of the contract or not, and if it does whether plaintiff will be allowed to retain all the money paid as liquidated damages; but we do determine that the amended bill contains sufficient allegations to warrant the chancellor in denying the several motions as he did, and in ordering the defendants to answer the amended bill within a certain time, and his order in this regard was without harmful effect.

The fourth question presented is whether court costs and attorney's fees incurred by assignor in intervening in the foreclosure proceeding were proper items to be claimed as due in this proceeding.

The contract of assignment contained this provision:

"It is further agreed by and between the parties hereto that all costs, charges, fees and expenses, including attorneys' fees, and the amount necessary to discharge all liens, superior or on a parity with the nine-tenths interest assigned herein, shall be at the expense and cost of the parties of the second part."

The allegations of the amended bill claim that the assignees should pay court costs and attorney's fees incurred by assignor in intervening in the foreclosure proceedings, which intervention was occasioned by the unreasonable delays of assignees and was made to insure a determination of the cause in a reasonable length of time. Whether the chancellor should allow such items of damage is a matter of proof to be determined by the chancellor after final hearing and cannot be determined here now. The allegations of the amended bill when taken in connection with the provisions of the contract of assignment, are sufficient upon which recovery might be allowed for these items if proof is adduced to substantiate the allegations.

No error having been made to appear in the order of the chancellor to which writ of certiorari was granted and issued, the writ must therefore be quashed.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.